# SUPREME COURT.

## THURSTON agt. MARSH.

Whether a *tender* can now be made after suit brought, except in the form of an *offer* to allow judgment, is very doubtful. It certainly cannot in an *equity suit*.

Therefore, where the defendant after service of the complaint, in a foreclosure suit, claiming the whole principal (not due) and interest, on default of payment of interest, paid the amount of interest due, into court upon an *ex parte* order, (similar to the old practice.)

*Held*, that he had mistaken the practice. He should have offered to pay the interest accrued, and upon its refusal, and a reasonable excuse for the default, have obtained an order to *stay all proceedings* till a further default, if any should accrue.

*New-York Special Term, November,* 1857.

MOTION to vacate an *ex parte* order permitting defendant to pay money into court.

This was an action for the foreclosure of a bond and mortgage, to secure the payment of $2,750, in three years, but containing an interest clause to the effect that in case of default in paying the interest on any day it was made payable, and it remained unpaid and in arrear, for the space of ten days, the whole principal, at the option of the plaintiff, would become due and payable. The complaint alleged a default in the payment of $96 25-100, six months' interest, which became due and payable on the 19th of September, 1857, and that the same had remained unpaid and in arrear, for the space of ten days, wherefore the plaintiff had elected to claim to have the whole principal sum secured by the mortgage; and that by reason thereof, there was justly due the plaintiff, upon the said mortgage, the said principal sum with interest, &c.; and in the usual form, asked for a sale of the mortgaged premises.

Before putting in his answer *and upon the complaint alone*, the defendant obtained the following *ex parte* order, which the plaintiff now moves to vacate. The motion was submitted on written arguments.

Thurston agt. Marsh.

(*Title of cause.*)—On motion of James Moncrief, attorney for the defendants in this action, it is ordered that the defendants have leave to bring into court the sum of ninety-eight dollars, admitted by them to be due the plaintiff in this cause, and that thereupon (unless the plaintiff shall accept thereof with costs, to be taxed in full discharge of this action,) the same shall be struck out of said plaintiff's complaint in this action, and the same shall be paid out of court to the plaintiff or his attorney, and that on the trial of the issue (to be joined) in this action, the said plaintiff shall not be permitted to give evidence for the sum so brought into court.  October 26th, 1857.

[Signed,]   J. J. ROOSEVELT.

After getting this order, defendant put in his answer, alleging among other things, that he·had paid the amount of the interest into court, as appeared by copy of the order and clerk's receipt, annexed to his answer.

ALLAN MELVILLE, *for motion*, made the following argument :
This is not a case unprovided for by the Code, provision is made by sections 385.  89th Rule does not permit resort to the old practice, where the Code provides a remedy.  If so, why the Code. ·

The objection to the order is, that if permitted to stand without complaint, it may prejudice the plaintiff.  It either means something or nothing.

Without hearing the plaintiff, an important allegation is struck out from his complaint, and he is not to be permitted to give evidence of it.  Where is the precedent for this?

In *equity* there was never any such practice as payment of money into court by the defendant, *on his motion.*  In some cases, *plaintiff could compel defendant* to pay money into court. (2 *Barb. Ch. Pr.*, 236, *and* 1 *Hoffman's Ch. Pr.* 319, where cases are cited at length.)

And even *at law* payment of money into court, was only allowed where the action was brought only for a sum certain or capable of being ascertained by mere calculation, and therefore in

· Thurston agt. Marsh.

trespass, case, trover and replevin, it was not allowed. (1 *Burrill*, 406, *1st Ed.; and see* 2 *R. S.* 553,) permitting tenders after suit brought in actions at law, and also 9 *How.* 398, CLERKE, J.

This action being for the foreclosure of a mortgage, is for something more than the recovery of money, (3 *Abbott*, 373.) It is a proceeding *in rem.*

If this practice is to be sanctioned, the form of the order is wrong, in preventing evidence of part of the plaintiff's claim, the rule at law being, that if the plaintiff succeeds, he recovers the whole amount claimed, and credits what has been paid into court. (7 *Hill*, 30.)

The order should be vacated, and the defendant put to his offer to take judgment for the amount he admits to be due, under section 385.

It is submitted, that this court should protect quiet practitioners from such startling proceedings.

The practice does not depend upon the particular facts of this case, as alleged in the complaint, nor upon the nature of the defence, because the motion for the order to pay in was made, and order obtained *before the answer was drawn up*, as the fact of payment into court, is set up in the answer.

The question entirely turns upon *the nature of the action*, as one for the foreclosure of a mortgage in which the defendant by his application before answer, admits a part of the plaintiff's claim. His defence to the other part of the relief demanded, is not to be considered, because it does not come before the court properly until the trial.

If the Code does not provide a way in section 385, resort must be had (under 89th rule,) to the former chancery practice, which did not permit payment of money into court *on defendant's application*, and, therefore, does not avail the defendant.

JOHN W. EDMONDS, *opposed.*

It appears to me, that the plaintiff's application is founded on an entire misapprehension of the practice in such case, and of the effect of paying money into court.

He refers to section 385 of the Code, which relates only to a

confession of judgment, and is so held by the court. (*Johnson agt. Sagar*, 10 *How.* 453; *Emery* agt. *Emery*, 9 *Id.* 130.)

And he refers to 1 *Barb. Ch. Pr.* 236, which relates only to *plaintiff's compelling the defendant* to pay money into court, which he admits to be due.

Our case is neither, but is simply the defendant's admitting he owes so much *and paying it*, not confessing a judgment for it.

Under the old and present practice, whenever a defendant pleads tender, he must bring the money into court. How? Precisely in which it has been done in this case. (1 *Burrill's Pr.* 406; 1 *Tidd's Pr.* 561.)

*Tidd, p.* 564, says, the motion for leave to bring money into court, is a motion of course.

And always heretofore the practice was to hand the money to the clerk, take his receipt, and enter rule in the *common rule book,* and then serve the original receipt and copy rule, on the plaintiff.

The plaintiff is never prejudiced by this act of the defendant. There are only two modes in which *the plaintiff* can be affected by it.

1. Where he takes the money out of court, then his act in so doing it, is what affects him.

2. Where the court finally determines that he is not entitled to any more, and there he ought to be prejudiced.

Neither the Code nor the rules, have altered the old practice where a party acknowledges he owes money, and wants to pay it. Who has a right to prevent his paying it? The plaintiff won't receive it from him; he does the next best thing, and that is, pays into court, whence the plaintiff can take it out, whenever he pleases and *the defendant never can.* To him it is gone forever. He has paid it.

The only thing that has caused any embarrassment is this, that now the judges (in this district) will not allow the clerk to enter any common rule which was always entered by the party at his own peril afterwards.

And this order is according to the true practice, nothing more than a common order, entered *ex parte* of course, and entered at the peril of the defendant, and in no way affects the plaintiff,

unless he takes it out, or unless the court shall hereafter adjudge in the matter.

Therefore it was I advised the attorney to pay the money into court, according to the old practice, and make his application for such relief as the court might grant him; he thus by paying it into court, showing his good faith.

ROOSEVELT, Justice. Tender after suit, was confined to "actions at law," (2 R. S. 553.) In those actions costs were fixed and not discretionary. They were adjusted also, to each successive service in the cause. There was no per centage applicable in gross to the whole. Hence the Code even in such actions makes no provision for a tender as distinguished from a confession. It permits the defendant to serve an offer to allow judgment for a specific sum with costs. On such judgment the per centage may be added and the costs thus complete. But no provision is made for a per centage without a judgment. Whether, therefore, a tender can now be made after suit, except in the form of an offer to allow judgment, may at least be doubted. It certainly cannot, as it seems to me, in a foreclosure suit. Such suits, it is well known, were not "actions at law," as understood in the Revised Statutes. They were suits in equity and subject to all the equitable jurisdiction of the court. They are so still. In such suits costs under the Code "may be allowed or not, in the discretion of the court." (Sec. 306.)

The defendant has mistaken the practice. He should have offered to pay the interest accrued, and upon its refusal, and a reasonable excuse for the seeming want of precise punctuality, have obtained as he might, an order to stay all proceedings till a further default, if any should occur.

Order accordingly.


## ERRATUM.

In the case of *John Monroe and others* agt. *John Pilkington and others*; *Wm. B. Scott and others* agt. *The Same*, on page 250, by some mistake Judge MITCHELL's name was omitted in the opinion. On page 251 beginning at the last paragraph, read, "MITCHELL, Justice,"